IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Lauren J. Ross,                              :

            Plaintiff                        :        Civil Action 2:09-cv-00905

     v.                                      :        Judge Frost

American Red Cross, *et al.*,                :        Magistrate Judge Abel

            Defendants                       :


# ORDER

This matter is before the Magistrate Judge on defendant American Red Cross's

unopposed December 15, 2011 motion to compel production of plaintiff Lauren Ross's

tax returns and for sanctions (doc. 111).

The Red Cross maintains that it has spent twenty-three months attempting to

obtain plaintiff's tax and earning records in order to defend against her claim that she

suffered a loss of earning capacity. Eventually defendant received authorizations from

plaintiff permitting the Red Cross to request plaintiff's tax returns from the IRS directly.

In October 2011, the IRS informed defendant that its request could not be fulfilled. An

explanation for the IRS's refusal to provide the records to defendant was sent to

plaintiff. The IRS directed the Red Cross to contact plaintiff for further details.

Defendant maintains that despite multiple requests to plaintiff, she has failed to

produce any tax documents.

The Red Cross argues that plaintiff should be compelled to produce her tax returns for the years 2004 through 2010 in addition to any relevant information received from the IRS in response to its request for plaintiff's transcript of tax return. Defendant's motion to compel is GRANTED. Plaintiff is ORDERED to immediately produce her tax returns for the 2004 through 2010 and any relevant information sent to plaintiff by the IRS in response to defendant's request for plaintiff's transcript of tax return.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure states:

> If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Here, none of the exceptions apply. Defendant attempted to resolve the matter with plaintiff. Plaintiff failed to respond to defendants' motion to compel and provided no explanation as to whether her nondisclosure was justified or that other circumstances made an award of circumstances unjust. As a result, defendant is entitled to receive its reasonable expenses, including attorney fees incurred in

preparing the motion to compel. Defendants' request for its reasonable expenses, including attorney fees, incurred in making their motion is GRANTED.

For the reasons stated above, defendant American Red Cross's unopposed December 15, 2011 motion to compel production of plaintiff Lauren Ross's tax returns and for sanctions (doc. 111) is GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.


s/ Mark R. Abel
United States Magistrate Judge