UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LAUREN J. ROSS**

    **Plaintiff,**

    v.

**AMERICAN RED CROSS, et al.,**

    **Defendants.**

Case No. 2:09-cv-905
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

Before the Court are Defendant's Motion to Strike Plaintiff's Motions for Partial Summary Judgment (ECF No. 133), Plaintiff's combined Opposition to Plaintiff's Motion and Motion for Leave to File ECF Nos. 128 and 129 (ECF No. 134)[1], Plaintiff's Supplemental Memorandum in opposition (ECF No. 137), Defendant's combined Reply in Support of Motion to Strike Plaintiff's Motions for Partial Summary Judgment and Memorandum in Opposition to Plaintiff's Motion for Leave to File ECF Nos. 128 and 129 (ECF No. 139). For the reasons set forth below, Defendant's Motion to Strike (ECF No. 133) is **GRANTED,** Plaintiff's Motion for Leave (ECF No. 134) is **DENIED,** and ECF Nos. 128 and 129 are ordered **STRICKEN** from the record in this case.

    **I.**    **Procedural Background**

This case arises out of injuries Plaintiff Lauren Ross alleges to have suffered due to the negligence of a Red Cross employee who drew her blood during a blood donation. (ECF No. 3, Complaint at ¶ 3.) This Court has set and reset the pretrial case management deadlines in this

---

[1] ECF Nos. 128 and 129 are separate motions for partial summary judgment that Plaintiff filed on January 17, 2012.

case at least four times. (*See* ECF Nos. 10, 18, 31, 95.) In its last case management order, the Court set a deadline of January 13, 2012 for filing dispositive motions in this case. (ECF No. 95.) Defendant timely filed a motion for summary judgment under the operative case schedule. (ECF No. 120.)

Despite the deadline that had been in place since September 19, 2011, Plaintiff filed separate motions for partial summary judgment on January 17, 2012, four days after the deadline for filing dispositive motions in this case. (*See* ECF Nos. 128, 129.) After Defendant moved to strike the motions as untimely (ECF No. 133), Plaintiff moved for leave to file the documents beyond the case management deadline set by the Court. (ECF No. 134.)

Plaintiff does not deny that her motions of partial summary judgment were filed late. Plaintiff explains that her former trial counsel "erroneously calendared" the dispositive motion deadline as Sunday, January 15, 2012, rather than the correct date of Friday, January 13, 2012. And because January 16, 2012, was a federal holiday, Plaintiff's new trial counsel believed the dispositive motions would be timely if filed by January 17, 2012. (ECF No. 134, at 1.) Plaintiff's counsel apologizes to the Court for his error, which he attributes to the "transition" of the case from former trial counsel to him.

## II. Discussion

The parties disagree on the appropriate analytic framework for deciding whether Plaintiff should be allowed to file her motions for partial summary judgment four days late. Plaintiff contends that this Court should analyze the issue under Fed. R. Civ. P. 6(b), which permits the court to "for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." On the other hand, Defendant argues that Fed.

R. Civ. P. 16(b)(4) guides this Court's decision on whether to strike Plaintiff's partial summary judgment motions. Rule 16(b)(4) allows a case management schedule to be modified "only for good cause and with the judge's consent."

The Rule 16(b)(4) standard espoused by Defendant, in the estimation of at least one court of appeals, is a more stringent one for Plaintiff to satisfy. *See Broitman v. Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996)(stating that "good cause" requires a "greater showing" than "excusable neglect"). And just recently, this Court held that the Rule 16(b)(4) standard – not the Rule 6(b) standard – applies where, as here, the deadline sought to be extended was established in a pretrial order issued under Rule 16. *Barker v. Goodrich*, No. 07-cv-946, 2012 U.S. Dist. LEXIS 5810 (S.D. Ohio Jan. 13, 2012); *accord Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 448 (W.D.N.Y. 1997). In the final analysis, however, it makes little difference what standard the Court applies in this case. Regardless of whether Rule 6(b) or Rule 16(b)(4) is employed, "good cause" applies to both rules. *Beale v. District of Columbia*, 545 F. Supp. 2d 8, 14 (D.D.C. 2008).

In justifying her request for leave to allow late filing of her motions for partial summary judgment, the Plaintiff argues that there is no danger of prejudice to Defendant. (ECF No. 137, at 2.) But the presence or absence of prejudice to the non-moving party, though relevant, is not the touchstone of a "good cause" inquiry. The "primary measure" of Rule 16(b)(4) "good cause" is the moving party's diligence in meeting the case management deadline in question. *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (joining Eighth, Ninth, and Eleventh Circuits in holding that a finding of "good cause" under Rule 16(b) depends upon the diligence of the moving party).

3

In this case, the Plaintiff's lack of diligence dooms her motion for leave to file late motions for summary judgment. Plaintiff's counsel admits that he "should have, but did not independently verify the dispositive motion filing deadline" after taking over responsibility of the case from Plaintiff's prior lead counsel. (ECF No. 137, at 3.) Ordinary diligence would have, at a minimum, called for Plaintiff's counsel to check the case management deadlines upon taking over as lead attorney in a case. Moreover, Plaintiff's counsel should have been on inquiry notice to double check the case management deadlines upon seeing the (erroneous) date of January 15 on his calendar as a dispositive motion deadline. Seeing the deadline calendared on a Sunday should have triggered double checking, as such filing deadlines are rarely (if ever) set for a Sunday. Instead, Plaintiff's counsel simply assumed that the Sunday deadline meant he had two extra days (because of the intervening holiday). Rather than exercise due diligence *and check the actual case management order*, Plaintiff's counsel simply assumed he had the good fortune of having extra time.

Also not lost on the Court is the fact that Defendant timely filed its motion for summary judgment on January 13, 2012. Upon Defendant's filing that day, the Court's ECF system gave electronic notice of the motion filing to both of Plaintiff's attorneys. Yet, even that filing did not put Plaintiff's counsel on notice to check the dispositive motion deadline. Indeed, Plaintiff's lead attorney candidly admits that he was not aware of the true dispositive motion deadline until Defendant filed its motion to strike Plaintiff's motions for partial summary judgment on January 26, 2012. (ECF No. 137, at 1.) Plaintiff's counsel's ignorance of these events does not reflect diligence in meeting case management deadlines.

Further indicative of a lack of diligence is the fact that Plaintiff's lead counsel was not

4

alone in dropping the ball. Attorney Leo Ross has been co-counsel on this case since notice of his appearance was given on April 13, 2011 – more than seven months before the "transition" of the case from Plaintiff's former lead counsel to her current lead counsel. (*See* ECF Nos. 35, 103.) Plaintiff offers no explanation why the transition of this case from her former lead counsel to her current lead counsel prevented Mr. Ross from doing his part to ensure compliance with the Court's case management schedule.

Based on all of these circumstances, the Court simply cannot find the requisite diligence on the part of Plaintiff's counsel that would justify either a finding of "good cause" under Rule 16(b) or "excusable neglect" under Rule 6(b). At best, Plaintiff has shown an avoidable error in calendaring a deadline, which error could have (and should have) been caught long before the dispositive motion deadline came and went. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" *Barker*, 2012 U.S. Dist. LEXIS 5810 at * (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*., 986 F. Supp. 959, 980 (D.S.C. 1997)). And carelessness appears to be the primary (if not only) reason why Plaintiff failed to comply with the case management schedule that Plaintiff herself (through her counsel) proposed jointly with Defendant more than four months ago. (*See* ECF No. 94.)

Nor is this Court swayed by Plaintiff's argument that the lack of prejudice to the Defendant somehow militates in favor of allowing her late-filed dispositive motions. Though the absence of prejudice to the opposing party can be a relevant factor under certain circumstances, the absence of prejudice "is not equivalent to a showing of good cause." *Barker* (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Even assuming there would be no prejudice to Defendant if this Court were to allow Plaintiff's late-filed dispositive motions, Plaintiff cannot

5

use that lack of prejudice as a sword to overcome her counsel's carelessness in heeding the deadline.

### III. Conclusion

Plaintiff has failed to demonstrate "good cause" for her failure to comply with the Court's case management deadline. Accordingly, the Defendant's Motion to Strike (ECF No. 133) is **GRANTED** and Plaintiff's Motion for Leave to File Dockets No. 128 and 129 (ECF No. 134) is **DENIED.** The Clerk is hereby **ORDERED TO STRIKE ECF Nos. 128 and 129** from the Court's docket.

**IT IS SO ORDERED.**

        **/s/ Gregory L. Frost**
        **GREGORY L. FROST**
        **UNITED STATES DISTRICT JUDGE**