# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LAUREN J. ROSS

      Plaintiff,

                                        Case No. 2:09-cv-905

  v.                                 JUDGE GREGORY L. FROST
                                        Magistrate Judge Mark R. Abel

AMERICAN RED CROSS, et al.,

      Defendants.

## OPINION AND ORDER

On March 28, 2012, Plaintiff filed a document styled as a *Response of Plaintiff, Lauren J. Ross, to Objection of Defendant American Red Cross to Materials Filed in Support of Plaintiff's Opposition to Red Cross Motion for Summary Judgment*. (ECF No. 164.) Now before the Court are a motion filed by Defendant the following day, styled as *Defendant American Red Cross's Motion to Strike Plaintiff's Supplemental Memorandum in Opposition to Red Cross's Motion for Summary Judgment Filed Without Leave of Court* (ECF No. 165), the Plaintiff's Opposition to the Motion (ECF No. 170), and the Defendant's Reply in Support its Motion (ECF No. 171). For the reasons set forth below, the Defendant's Motion is **DENIED.**

Currently pending before the Court is Defendant's Motion for Summary Judgment. (ECF No. 120.) The briefing on that Motion included Defendant's Reply in Support of the Motion. (ECF No. 159.) Within that Reply brief, Defendant formally objected to various exhibits attached to Plaintiff's Memorandum in Opposition to summary judgment (ECF No. 148), contending that these materials "are not appropriate for consideration under Rule 56 of the Federal Rules of Civil Procedure." (Reply Br., ECF No. 159, at 2.) The document that Defendant now asks this Court to strike — characterized by Defendant as a "Supplemental

Memorandum in Opposition to Summary Judgment" — is, in substance, Plaintiff's response to the Defendant's objections to the Plaintiff's evidence submitted in opposition to summary judgment.

Under this state of affairs, Defendant's Motion to Strike is not well taken. Though Defendant asks the Court to strike Plaintiff's "Response" to the evidentiary objections as an improper memorandum filed without leave of court under Local Rule 7.2(a)(2), this Court does not agree with Defendant's characterization of Plaintiff's filing. Had Defendant filed a separate document objecting to the Plaintiff's summary-judgment evidence, there is no question that Plaintiff would have the opportunity to respond to the objections. Plaintiff should not be deprived of the opportunity to address the Defendant's evidentiary objections simply because Defendant raised them in the body of a Reply in support of its Motion for Summary Judgment as opposed to raising them in a separately filed document or motion.

In denying the Defendant's Motion to Strike, this Court is by no means opining on the merits of Defendant's evidentiary objections or of Plaintiff's Response to the objections. The Court is simply stating that there is nothing improper about Defendant's Response being filed in this case. The Court will address the merits of the evidentiary objections and responses thereto in its decision on Defendant's Motion for Summary Judgment.

The Defendant's Motion to Strike (ECF No. 165) is **DENIED.**

**IT IS SO ORDERED.**

                                                                       /s/ Gregory L. Frost
                                                                       **GREGORY L. FROST**
                                                                       **UNITED STATES DISTRICT JUDGE**