IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lauren J. Ross, | : | |
| Plaintiff | : | Civil Action 2:09-cv-00905 |
| v. | : | Judge Frost |
| American Red Cross, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Magistrate Judge on plaintiff Lauren J. Ross's January 25, 2012 motion to quash the subpoena served on Michael Selsley (doc. 131).

The complaint alleges plaintiff Lauren J. Ross suffered injury to the nerves in her arm when employees of defendant American Red Cross negligently drew blood from her. Plaintiff maintains that she has been disabled by regional pain syndrome in her left arm.

On January 23, 2007, defendant served a subpoena on Michael Selsley commanding him to produce and permit inspection and copying of the following documents:

> Any and all documents provided by any person or entity for use in preparation of Lauren Ross and/or PFT Mobile's 2006 – 2011 federal, state, local and school tax returns; evidence that any of these returns have been filed with the IRS and/or that any outstanding taxes owed have been paid.

1

Doc. 130. Plaintiff argues that defendant's subpoena should be quashed because it should not be allowed to conduct discovery following the December 31, 2011 discovery deadline.

Here, the need for defendant's subpoena was caused by plaintiff's failure to comply with her discovery obligations. Defendant has been attempting to obtain the documents requested in the subpoena since January 18, 2010 when it served its first interrogatories and requests for production of documents. Additionally, the court has granted two motions to compel with respect to these documents.

Plaintiff Lauren J. Ross's January 25, 2012 motion to quash the subpoena served on Michael Selsley (doc. 131) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel
United States Magistrate Judge