IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lauren J. Ross, | : | |
| Plaintiff | : | Civil Action 2:09-cv-00905 |
| v. | : | Judge Frost |
| American Red Cross, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Magistrate Judge on defendant American Red Cross's February 23, 2012 motion to approve the amount of sanctions authorized by the Court's February 2, 2012 Order (doc. 147).

Where a motion to compel is granted, Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure requires payment of the moving party's reasonable expenses, including attorney's fees, incurred in connection with its motion to compel unless (i) the movant filed the motion before attempting in good faith to obtain the disclosure without court action, (ii) the opposing party's nondisclosure, response, or objection was substantially justified, or (iii) other circumstances make an award of expenses unjust. Here, none of the exceptions were applicable. In her response to defendant's motion , plaintiffs argues that had there been an evidentiary hearing, she would have attempted to demonstrate that she believed all her tax returns had already been produced. Had plaintiff genuinely

1

believed that she had already produced the documents at issue, she would have filed a response to defendant's motion to compel indicating this belief.

On February 2, 2012, the Magistrate Judge granted defendant's unopposed December 15, 2011 motion to compel production of plaintiff's tax returns. Defendant seeks $4,084.50 in attorney fees incurred in filing the motion to compel. Plaintiff argues that the fee petition is exorbitant, outrageous and unreasonable. Plaintiff maintains defendant simply needed to say: "Plaintiff failed to produce the tax records we asked for, please make them do so." Doc. 154.

"The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 551–52 (6th Cir.2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Inwalle*, 515 F.3d at 552 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564–65 (1986)). Plaintiff has not objected to the hourly rates, and I conclude that these rates are reasonable.

According to the affidavit provided by counsel for defendant:

> This amount represents 20.3 hours Ms. Copeland spent ensuring that Plaintiff had not provided the disputed discovery in the event the responses had simply been overlooked, time she spent researching the mechanism by which a party can seek to compel the production of contested documents, time she spent researching precedent from the Sixth

2

> Circuit and the Federal District Court for the Southern District of Ohio addressing a party's ability to compel the production of discovery, and the time she spent drafting and revising the motion to compel and for sanctions.

Doc. 147-1 at 3. It is not clear how much time Ms. Copeland was spent reviewing discovery responses because the itemized statement does not make any reference to reviewing discovery responses. Defendant is not entitled to recover for time spent reviewing discovery responses because it would have incurred this expense regardless of whether or not plaintiff produced the documents in question. As the party seeking expenses, defendant must provide documentation with "sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle*, 515 F. at 553 (quoting *United Slate, Local 307 v. G.M. Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n. 2. (6th Cir. 1984). Because Copeland's billing entries do not permit the Court to distinguish between the time that was spent reviewing documents and the time that was spent drafting the motion to compel, her hours should be reduce by 25%.

| Name | # of Hours | Hourly Rate | Total |
|---|---|---|---|
| Edelman | 3.6 | $230.00 | 828.00 |
| Elliott | 0.3 | $230.00 | 69.00 |
| Copeland | 15.225 | $150.00 | 2283.75 |
| Stock | 1.5 | $95.00 | 142.50 |
| Total | | | $3323.25 |

3

For the reasons stated above, defendant American Red Cross's February 23, 2012 motion to approve the amount of sanctions authorized by the Court's February 2, 2012 Order (doc. 147) is GRANTED in part.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel  
United States Magistrate Judge
